IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                      CRIMINAL ACTION NO. 5:10-cr-00010-02

GERONIMO MCKINNEY,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

On the 18th day of March, 2010, the Defendant, Geronimo McKinney, appeared in person accompanied by his counsel, Mary Lou Newberger. The Government was represented by John L. File, Assistant United States Attorney. The Court accepted the Defendant's plea of guilty to Conspiring to Distribute a Controlled Substance in violation of 21 U.S.C. § 841(a) and 21 U.S.C. § 846, and adjudged the Defendant guilty.

Subsequent to the Court's acceptance of the plea of guilty, the Court entertained the Defendant's motion for post conviction release. This Court erroneously advised counsel and the Defendant that it could not consider exceptional circumstances under 21 U.S.C. § 3145. *See* U.S. v. Goforth, 546 F.3d 712 (4th Cir. 2008). After the hearing concluded, counsel for the Defendant filed a Motion to Reconsider Detention Order [Docket 43].

Courts in various circuits have held that district courts can consider "exceptional circumstances" under 18 U.S.C. § 3145 in determining whether a Defendant should be detained post conviction. Goforth, 546 F.3d at 715-16; U.S. v. Carr, 947 F.2d 1239 (5th Cir. 1991); and U.S. v. DiSomma, 951 F.2d 494 (2d Cir. 1991). The courts have also found that the determination of

exceptional circumstances will generally be fact intensive, and must be determined on a case by case basis. Furthermore, at least one of these courts has indicated that "...the exception applies only where justified by exceptional circumstances. Hardships that commonly result from imprisonment do not meet the standard. The general rule must remain that conviction for a covered offense entails immediate incarceration. Only in truly unusual circumstances will a defendant whose offense is subject to the statutory provision be allowed to remain on bail pending appeal." U.S. v. Garcia, 340 F.3d 1013, 1022 (9th Cir. 2003). Further, the Garcia court stated that "...the court should examine the totality of the circumstances and, on the basis of that examination, determine whether, due to any truly unusual factors or combination of factors .... it would be unreasonable to incarcerate the defendant prior to the appellate court's resolution of his appeal." Id. at 1019.

The Court, in DiSomma, found that "...a merely substantial question may be sufficient, in the presence of one or more remarkable and uncommon factors, to support a finding of exceptional reasons for the inappropriateness of detention. As in many things, a case by case evaluation is essential..." DiSomma, 951 F.2d at 497.

This Court has now reviewed the Defendant's Motion To Reconsider Detention Order [Docket 43] and counsel for the Defendant's proffer relative to exceptional circumstances given during the plea hearing. At the hearing, counsel stated,

> "He has complied with the conditions. He is – he and his wife are both going to prison, and at this point, he is the only breadwinner and they need to settle financial matters as well as they can. This is a long time for him to be detained pre-trial, and we'd ask the Court to continue him on his bond."

First, the Court finds that the Defendant, McKinney, stands convicted of an offense prohibited by the Uniform Controlled Substances Act, which carries a maximum term of imprisonment of twenty (20) years. Further, the Court finds, after review of the Release Status Report To The Court and the

proffers of counsel, that the Defendant does not pose a risk of a non-appearance or a risk of danger to the community. However, the Court finds that no facts supporting exceptional circumstances (as that term has been shaped and defined by the applicable case law) were alleged at the plea hearing on March 18, 2010, or in the Motion to Reconsider Detention Order, that support the release of the Defendant pending sentence.

Therefore, the Court **ORDERS** Defendant's Motion To Reconsider Detention Order [Docket 43] **DENIED** and **ORDERS** that the Defendant be detained pending sentencing, and further **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office and to the United States Marshal.

ENTER: March 29, 2010

_____
IRENE C. BERGER, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA